﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191023-39361
DATE: October 30, 2020

REMANDED

Propriety of creation of an overpayment of Department of Veterans Affairs (VA) compensation in the amount of $307.21 due to a retroactive adjustment for 69 days of drill in Fiscal Year (FY) 2017 is remanded.

Propriety of creation of an overpayment of VA compensation in the amount of $286.10 due to a retroactive adjustment for 63 days of drill in FY 2018 is remanded.

REASONS FOR REMAND

This appeal comes to the Board of Veterans’ Appeals (Board) from an April 2019 and a September 2019 administrative decision of the Agency of Original Jurisdiction (AOJ). The Veteran timely appealed this decision to the Board and elected direct review by a Veterans Law Judge. See October 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement). The Board finds that this VA Form 10182 reasonably encompasses both administrative decisions. 

The Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. The issues of propriety of creation of overpayments of Department of Veterans Affairs (VA) due to retroactive adjustments for drill in FYs 2017 and 2018 is remanded.

The Veteran is challenging the propriety of creation of the debt and has argued that VA has collected the entirety of his benefit check, even after it has already been paid. The relevant proposals reflect that VA based its decision on information obtained from the Defense Manpower Data Center (DMDC); however, the record does not reflect this DMDC information and the record is incomplete. Notably, there is limited explanation for the debt figures that arose or how much has already been collected. Accordingly, an audit of the debt amounts as well as the amount he has paid towards his debts is warranted. 

The matters are REMANDED for the following action:

1. Obtain and associate with the record the Defense Manpower Data Center information referenced in the December 2018 and June 2019 proposals. 

2. Perform an audit of the Veteran’s account determining appropriate figure of debt for the adjustment of drill pay for FYs 2017 and 2018. The audit should also contain an accounting of the Veteran’s payments towards his debts. If the Veteran has paid an amount greater than the debt amount, the AOJ should reconcile such discrepancies. 

 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Lambert

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.